Citation Nr: 1823343 
Decision Date: 04/17/18 Archive Date: 04/25/18

DOCKET NO. 13-23 310 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Louis, Missouri


THE ISSUE

Entitlement to service connection for residuals of a traumatic brain injury (TBI).


REPRESENTATION

Veteran represented by: Christopher Loiacono, Agent


ATTORNEY FOR THE BOARD

S.S. Mahoney, Associate Counsel 







INTRODUCTION

The Veteran served on active duty in the United States Navy from June 1991 to January 1993.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a March 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO).

The Veteran withdrew his Board hearing request in an April 2017 statement. 38 C.F.R. § 20.704(e).

In November 2017, the Board remanded the claim (previously characterized as brain damage) for further development.


FINDING OF FACT

The Veteran's current neurocognitive disorder is related to his in-service TBI.


CONCLUSION OF LAW

The criteria for entitlement to service connection for residuals of a TBI are met. 38 U.S.C. §§ 1110, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303 (2017).


REASONS AND BASES FOR FINDING AND CONCLUSION

Preliminary Matter

VA regulations provide that when a claimant fails to report for an examination scheduled in conjunction with an original compensation claim, the claim shall be rated based on the evidence of record. When the examination was scheduled in conjunction with any other original claim, a reopened claim for a benefit which was previously disallowed, or a claim for increase, the claim shall be denied. 38 C.F.R. § 3.655(b).

Pursuant to the November 2017 Board remand directives, the RO attempted to schedule a VA examination to assess the nature and etiology of the Veteran's disability. See January 2018 VA Form 21-2507a. The RO notes that the Veteran failed to RSVP for the examination, and it was cancelled. See January 2018 compensation and pension exam inquiry. The Board need not address whether the duty to assist has been fulfilled in this case, as a fully favorable decision is possible by rating the claim based on the evidence of record. 38 C.F.R. § 3.655(b).

Analysis

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a). Establishing service connection generally requires evidence of (1) a current disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the present disability. Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004).

Here, the Veteran has been diagnosed with a TBI and organic brain syndrome. See August 2014 letter from Dr. Radhika; November 2015 VA examination report. Accordingly, the first element of service connection is met. 

Regarding the second element, in-service incurrence of a disease or injury, the Board notes that despite the Veteran's report of a head injury on May 1990 enlistment examination, no neurologic or psychiatric disability was noted upon clinical evaluation, and there is no other competent evidence indicating the presence of organic brain syndrome prior to enlistment. Accordingly, the Board finds that the presumption of soundness attaches in relation to this claim. See 38 U.S.C. § 1111; 38 C.F.R. § 3.304(b). Moreover, a December 1991 service treatment record reflects that the Veteran received treatment for a blow to the head when he was hit with a broom handle by an intoxicated assailant and punched in the left eye while he was sleeping. Thus, the second element of service connection is also established.

Regarding the final element, nexus, the November 2015 VA examiner opined that the Veteran incurred his TBI in service. He noted that "physically, [t]he [Veteran] healed from the wound of the TBI, though the cognitive . . . [symptoms] associated with this brain injury appear to persist today." He concluded that "[e]ach (the TBI and the psychotic disorder) were incurred in the Navy." There is no competent opinion to the contrary. Accordingly, service connection is established.


ORDER

Service connection for residuals of a TBI are granted.



____________________________________________
S. BUSH
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs